**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| BRITTANY VONBERGEN, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>              v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY,<br><br>    Defendant. | Case No. 2:22-CV-04880<br><br>Judge Gene E.K. Pratter |

**DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY'S
<u>MOTION TO STAY PENDING THIRD CIRCUIT APPEAL</u>**

Defendant Liberty Mutual Insurance Company ("LMIC"), by and through its undersigned counsel, respectfully requests that this action be stayed pending the outcome of the Third Circuit appeal in *In re: BPS Direct, LLC, and Cabelas, LLC, Wiretapping Litigation*[1]—a strikingly similar class action filed by, among others, Plaintiff in this action, Brittany Vonbergen, represented by the same counsel who represents her here, in the Eastern District of Pennsylvania alleging that a company's use of session replay software on its own website violates the Pennsylvania Wiretapping and Electronic Surveillance Control Act ("WESCA"). Judge Kearney dismissed the action for lack of standing.

Concurrently with the filing of this motion, LMIC has moved to dismiss the Amended Complaint for lack of standing. (Doc. 65.) As explained in its Memorandum of Law in Support of the Motion to Dismiss Plaintiff's Amended Complaint for Lack of Subject Matter Jurisdiction, the Third Circuit's recent decision in *Barclift v. Keystone Credit Services, LLC*[2]—holding that the

---

[1] E.D. Pa. Case No. 2:23-md-03074; 3d Cir. Case No. 23-03235.
[2] 93 F.4th 136 (3d Cir. 2024).

plaintiff lacked standing to sue a company for sharing her personal information with a third-party vendor—counsels against a finding of standing both here and in *BPS*. Thus, a stay pending the *BPS* appeal will save the Court and the parties from wasting resources on potentially meritless claims should the Third Circuit affirm *BPS,* establishing lack of an injury sufficient to convey Article III standing for a WESCA claim based on a company's use of session replay software on its own website.

## BACKGROUND

Plaintiff Brittany Vonbergen's ("Vonbergen") claim against LMIC arises from LMIC's use of session replay software on its own website. In her Amended Complaint, Vonbergen alleges she visited LMIC's website "on or about March of 2022" and, during her visit, "filled out an online auto insurance quote form" and input her personal information. (Doc. 19 at ¶¶ 24−26.) On behalf of herself and a putative class, Vonbergen claims that LMIC's use of session replay violates WESCA. Specifically, she alleges that her "case stems from Defendant's unlawful interception of Plaintiff's and Class members' electronic communication through the use of 'session replay' spyware that allowed Defendant to watch and record Plaintiff's and the Class members' visits to its websites." (*Id.* at ¶ 2.)

In *BPS*, the plaintiffs, including Vonbergen, filed a very similar class action complaint alleging violations of the WESCA based on the same conduct allegedly at issue here. Indeed, the *BPS* plaintiffs alleged that two retailers—Cabela's and Bass Pro Shops—used session replay on their websites to capture their and other website visitors' mouse clicks and movements, keystrokes, and information input on their websites. On December 5, 2023, the district court granted defendants' motion to dismiss on standing grounds. The court held that the alleged interception of plaintiffs' browsing activity and input of information was not a concrete harm sufficient for Article III standing. Plaintiffs filed a Notice of Appeal with the Third Circuit and their opening brief was

filed on March 18, 2024.

The Third Circuit's decision on standing in the *BPS* appeal—a case involving nearly identical allegations of injuries arising from a company's use of session replay—may be dispositive of LMIC's standing motion here. Thus, the Court should exercise its considerable discretion to stay this action pending the Third Circuit's consideration of *BPS*.

## ARGUMENT

This Court has "broad power to stay proceedings." *Frey v. Frontier Utilities Ne. LLC*, No. CV 19-2372-KSM, 2020 WL 12697469, at *1 (E.D. Pa. Apr. 13, 2020) (citing *Bechtel Corp. v. Local 215, Laborers' Intern. Union of N.A.*, 544 F.2d 1207, 1215 (3d Cir. 1976)). "In the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *Id.* (citing *Bechtel*, 544 F.2d. at 1215). A stay pending appeal is particularly appropriate where, as here, the constitutional issue of standing is at issue. *See Duchene v. Westlake Servs., LLC*, No. 2:13-CV-01577, 2015 WL 5947669, at *3 (W.D. Pa. Oct. 13, 2015) (stay was appropriate where decisions in other cases could "fundamentally affect the Court's jurisdiction to hear th[e] case" and resolutions of either case "might require an immediate dismissal by this Court"); *Kamal v. J. Crew Grp., Inc.*, No. CV 15-0190 (WJM), 2015 WL 9480017, at *2 (D.N.J. Dec. 29, 2015) (stay is appropriate because if the court "rules that a plaintiff who suffers no concrete harm does not have standing, all of the resources expended will be useless").

In determining whether to stay an action under its inherent authority, the court weighs the following factors: "whether the proposed stay would prejudice the non-moving party, whether the proponent of the stay would suffer a hardship or inequity if forced to proceed and whether granting the stay would further the interest of judicial economy." *Stokes v. RealPage, Inc.*, No. CV 15-1520, 2016 WL 9711699, at *1 (E.D. Pa. Jan. 25, 2016). Each of these factors weigh in favor of

granting a stay.

**Prejudice.** Vonbergen will not be prejudiced by a stay in this action pending a decision on standing in the *BPS* appeal. To begin, Vonbergen is already a party to the *BPS* action and will be awaiting a decision on standing from the Third Circuit regardless of what this Court decides. It makes little sense to allow Vonbergen to move forward with identical claims in this case and require LMIC to defend this action when the Third Circuit's decision may nullify Vonbergen's case. *See, e.g.*, *Frey v. Frontier Utilities Ne. LLC*, No. CV 19-2372-KSM, 2021 WL 322818, at *3 (E.D. Pa. Feb. 1, 2021) (denying a stay would harm both parties by "requiring them to expend resources litigating" a potentially dispositive issue under review); *Miller v. Trans Union, LLC*, No. 3:12-CV-1715, 2015 WL 13649106, at *2 (M.D. Pa. Aug. 3, 2015) ("[I]t is of no benefit to either party to incur substantial costs litigating an issue that the Supreme Court may well determine is not actionable in the course of these proceedings."). Moreover, Vonbergen loses nothing but time if this case is stayed and "the court may insist that plaintiff establish more 'prejudice' than simply the right to pursue his case and vindicate his claim expeditiously." *Quad/Tech, Inc. v. Q.I. Press Controls B.V.*, No. CV 09-2561, 2010 WL 11474403, at *1 (E.D. Pa. June 9, 2010) (staying discovery pending appeal where plaintiff "has advanced no prejudice argument other than delay in pursuing the suit").

**Hardship.** Without a stay, LMIC may suffer significant hardship in litigating a case at considerable time and expense that may ultimately be eviscerated by the Third Circuit's standing decision. *See Stokes v. RealPage, Inc.*, No. CV 15-1520, 2016 WL 9711699, at *1 (E.D. Pa. Jan. 25, 2016) ("Defendant would suffer a hardship if forced to expend significant resources in litigating this case, since the [standing] decision in *Spokeo* may 'impact the viability of this lawsuit' or affect the parameters of the classes Plaintiff seeks to represent."); *Icona Opportunity Partners*

*1, LLC v. Certain Underwriters at Lloyds, London*, No. 22-4140 (KMW)(EAP), 2023 WL 2473644, at *7 (D.N.J. Mar. 13, 2023) ("The cost to a party by litigating in an uncertain legal landscape awaiting a controlling decision from another court is a hardship that supports a stay of proceedings. . . . This hardship is amplified in putative class action cases, which adds a layer of complexity to the litigation.").

**Judicial Economy.** The interests of judicial economy would similarly be furthered by a stay pending the Third Circuit's appeal on the critical standing issue. *See Stokes* 2016 WL 9711699, at *1 ("[T]he interests of judicial economy would be furthered by a stay because, in the absence of a stay, the court and the parties would dedicate substantial resources to proceedings that may become unnecessary, or may have to be duplicated, if the Supreme Court's decision in *Spokeo* changes the law regarding the standing of Plaintiff to litigate the claims asserted in this case or the parameters of the classes Plaintiff may represent."); *Osten v. Frederick J. Hanna & Assocs.*, No. CA 10-254, 2011 WL 12715581, at *1 (W.D. Pa. Mar. 16, 2011) ("The Third Circuit's decision in *Lesher* will likely offer significant guidance in resolving the legal issues presented in this action. The mere possibility that a substantial amount of the court's work, if undertaken now, may shortly prove to have been unnecessary, cautions against undue haste in proceeding with this civil action.").

## CONCLUSION

All factors favor granting a stay of this action pending the Third Circuit's resolution of the *BPS* appeal which involves allegations and issues identical to those at issue here. The Court should stay this case to save both the Court and the parties from wasting time and resources on claims that may not be viable.

Dated: March 22, 2024

Respectfully Submitted,

/s/ Yameel L. Mercado Robles

Dante A. Marinucci (*pro hac vice*)
**BAKER & HOSTETLER LLP**
127 Public Square, Ste. 2000
Cleveland, OH 44114
Telephone: (216) 621-0200
Facsimile: (216) 696-0740
dmarinucci@bakerlaw.com

Julie Singer Brady (*pro hac vice*)
Yameel L. Mercado Robles (*pro hac vice*)
**BAKER & HOSTETLER LLP**
200 South Orange Avenue, Ste. 2300
Orlando, FL 32801
Telephone: (407) 649-4000
Facsimile: (407) 841-0168
jsingerbrady@bakerlaw.com
ymercadorobles@bakerlaw.com

Alyse F. Stach
**BAKER & HOSTETLER LLP**
1735 Market Street, Ste. 3300
Philadelphia, PA 19103
Telephone: (215) 568-3100
Facsimile: (215) 568-3439
astach@bakerlaw.com

*Counsel for Defendant*
*Liberty Mutual Insurance Company*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRITTANY VONBERGEN, individually and
on behalf of all others similarly situated,

                   Plaintiff,

     v.

LIBERTY MUTUAL INSURANCE
COMPANY,

                 Defendant.

Civil Action No.:  2:22-CV-04880

## ORDER

    **AND NOW**, this _____ day of _____, 2024, upon consideration of Defendant Liberty Mutual Insurance Company's Motion to Stay Pending Third Circuit Appeal, and for good cause shown, it is hereby **ORDERED** that the motion is **GRANTED**, and this action is stayed until the Third Circuit issues its decision and mandate in *In re: BPS Direct, LLC, and Cabelas, LLC, Wiretapping Litigation*, Case No. 23-03235.

_____
Hon. Gene E. K. Pratter

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 22, 2024, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Yameel L. Mercado Robles*
*Counsel for Defendant Liberty Mutual*
*Insurance Company*