IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRITTANY VONBERGEN,** | : | |
| *Plaintiff* | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **LIBERTY MUTUAL INSURANCE** | : | |
| **COMPANY,** | : | |
| *Defendant* | : | **No. 22-4880** |

## MEMORANDUM

PRATTER, J.                                                                                         APRIL 17, 2024

Brittany Vonbergen brings a putative class action against Liberty Mutual Insurance for its use of session replay software on its website, which allegedly constitutes illegal wiretapping. Liberty Mutual has both moved to dismiss the complaint for lack of subject matter jurisdiction, arguing that Ms. Vonbergen does not have standing, and moved to stay this case. Another case in the Eastern District of Pennsylvania, in which Ms. Vonbergen is also a plaintiff, involves similar allegations of wiretapping against Bass Pro Shops and Cabela's based on their use of session replay software on their websites. The presiding judge dismissed that case for lack of subject matter jurisdiction because the plaintiffs lacked standing, and an appeal is pending in the Third Circuit Court of Appeals. Given the developing nature of this area of the law, which controls whether the Court is empowered to adjudicate this case at all, the Court exercises its considerable discretion to stay these proceedings pending guidance from the Third Circuit Court of Appeals regarding standing. The Court grants Liberty Mutual's motion to stay the proceedings.

### BACKGROUND

Ms. Vonbergen filed her original complaint against Liberty Mutual in December 2022 and amended her complaint the following month. She avers that Liberty Mutual illegally wiretaps users

1

of its website by using third-party session replay software to track and record their navigation of the website, thereby violating the Pennsylvania Wiretap and Electronic Surveillance Control Act (WESCA). Liberty Mutual moved to dismiss plaintiff's amended complaint for lack of personal jurisdiction and failure to state a claim. The Court denied this motion without prejudice and ordered a period of jurisdictional discovery. Two weeks later, Liberty Mutual answered the complaint.

Three months after answering the complaint, Liberty Mutual concurrently filed both a motion to dismiss the amended complaint for lack of subject-matter jurisdiction and a motion to stay the proceedings in this case pending the outcome of an appeal in the Third Circuit Court of Appeals. Ms. Vonbergen filed briefs in opposition to both motions. The Court grants Liberty Mutual's motion to stay the proceedings and does not yet rule on Liberty Mutual's pending motion to dismiss.

## LEGAL STANDARD

The Court "has broad power to stay proceedings," and may exercise its discretion to "hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *Frey v. Frontier Utilities Northeast LLC*, No. 19-2372-KSM, 2020 WL 12697469, at *1 (E.D. Pa. Apr. 13, 2020) (quoting *Bechtel Corp. v. Local 215, Laborers' Intern. Union of N.A., AFL-CIO*, 544 F.2d 1207, 1215 (3d Cir. 1976)). When the Court determines whether to stay an action, it "must weigh the competing interests of and possible harms to the parties." *Id.* (quoting *Stokes v. Real Page, Inc.*, No. 15-1520, 2016 WL 9711699, at *1 n.1 (E.D. Pa. Jan. 25, 2016)). Specifically, the Court must examine the following factors: "whether the proposed stay would prejudice the non-moving party, whether the proponent of the stay would suffer a hardship or inequity if forced to proceed and whether granting the stay would further the interest of judicial economy." *Id.* (quoting *Stokes*, 2016 WL 9711699, at *1). "Where a stay is sought pending resolution of purportedly related litigation," the Court considers "whether

2

resolution of the related litigation would substantially impact or otherwise render moot the present action." *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 446 (D.N.J. 2014) (citing *Bechtel Corp.*, 544 F.2d at 1215).

## DISCUSSION

Website users across the country are challenging the use of session replay software. *See In re BPS Direct, LLC*, MDL 3074, 2023 WL 8458245, at *10 n.118 (E.D. Pa. Dec. 5, 2023) (collecting cases). The presiding judge in *In re BPS Direct* dismissed a set of these challenges because the plaintiffs did not "engage in any activity prompting their browsers to send highly sensitive personal information such as medical diagnosis information or financial data" to third parties. *Id.* at *21. Ms. Vonbergen argues that *In re BPS*, which involved the tracking of browsing activities on websites owned by Bass Pro Shops and Cabela's, is distinguishable because Liberty Mutual allegedly intercepted and published highly sensitive information such as marital status, educational history, and "personal medical information, specifically gender identity/status." Opp. to Mot. to Stay at 3, Doc. No. 69. Based on this factual distinction, Ms. Vonbergen argues that almost no decision of the Third Circuit Court of Appeals in *In re BPS* could be dispositive of her standing in this case. *Id.* at 3–4. However, even assuming that this factual distinction is as powerful as Ms. Vonbergen contends, the outcome of a related case need not be *dispositive* of the present one for the Court to order a stay. So long as the related case "may substantially affect" the present one, the Court may stay the present case to abide the related case's outcome. *Bechtel Corp.*, 544 F.2d at 1215. Both cases involve allegations of wiretapping against companies based on their use of session replay software on their websites. Both cases also require the Court to determine whether the plaintiffs have standing in light of new considerations required by the Supreme Court's relatively recent guidance in *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016) and *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021). Though distinctions may be drawn between the types of

information intercepted in each case, the outcome of the plaintiffs' appeal in *In re BPS* may substantially affect the outcome of Liberty Mutual's pending motion to dismiss.

Ms. Vonbergen will not be prejudiced by this stay. She argues that "a stay pending an appeal that has no bearing on Plaintiff's claims serves only as an inappropriate delay tactic precluding Plaintiff from the efficient adjudication of her case." Opp. to Mot. to Stay at 5, Doc. No. 69. However, the outcome of the pending appeal in *In re BPS* does have a bearing on whether Ms. Vonbergen has standing to pursue her claims in federal court. Furthermore, the Court's power to stay the proceeding is "a matter of its discretion to control its docket." *Mendez v. Puerto Rican Int'l Cos.*, 553. F.3d 709, 712 (3d Cir. 2009) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 n.23 (1983)). The exercise of this discretion is not an inappropriate delay tactic. In fact, efficiently adjudicating Ms. Vonbergen's claims when she may not have standing to bring those claims before this Court would be inappropriate. In essence, Ms. Vonbergen "has advanced no prejudice argument other than delay in pursuing the suit." *Quad/Tech, Inc. v. Q.I. Press Controls B.V.*, No. 09-2561, 2010 WL 11474403, at *1 n.1 (E.D. Pa. Jun. 9, 2010). The Court agrees with Ms. Vonbergen that "a 'mere delay' is not prejudicial to Plaintiff in and of itself." Opp. to Mot. to Stay at 5, Doc. No. 69. Thus, Ms. Vonbergen will not be prejudiced by this stay.

By contrast, requiring Liberty Mutual to spend time, money, and resources litigating a suit that is on questionable standing grounds would cause a significant hardship. *See Stokes*, 2016 WL 9711699, at *1 (quoting *Salvatore v. Microbilt Corp.*, No. 4:14-cv-1848, 2015 WL 5008856, at *2 (M.D. Pa. Aug. 20, 2015)) ("Defendant would suffer a hardship if forced to expend significant resources in litigating this case, since the decision in *Spokeo* may 'impact the viability of this lawsuit[.]'"). Arguing against this conclusion, Ms. Vonbergen incorrectly claims that "the appeal

4

would not dispose of Plaintiff's claims[.]" Opp. to Mot. to Stay at 5, Doc. No. 69. However, the *In re BPS* appeal may substantially affect the outcome of Liberty Mutual's motion to dismiss, which could result in the dismissal of this case for lack of subject matter jurisdiction. Requiring Liberty Mutual to continue litigating under these circumstances would cause it hardship.

Granting the stay would further the interests of judicial economy. Absent a stay, the Court and the litigants would need to dedicate resources to litigating issues that may turn out to be moot. *See, e.g.*, *Stokes*, 2016 WL 9711699, at *1 ("[T]he interests of judicial economy would be furthered by a stay because, in the absence of a stay, the court and the parties would dedicate substantial resources to proceedings that may become unnecessary[.]"); *Osten v. Frederick J. Hanna & Assocs.*, No. CA 10-254, 2011 WL 12715581, at *1 (W.D. Pa. Mar. 16, 2011) ("The mere possibility that a substantial amount of the court's work, if undertaken now, may shortly prove to have been unnecessary, cautions against undue haste in proceeding with this civil action." (quoting *Golden Quality Ice Cream Co., Inc. v. Deerfield Specialty Papers, Inc.*, 87 F.R.D. 3, 57 (E.D. Pa. 1980)). Thus, this stay furthers the interests of judicial economy.

All the relevant factors weigh in favor of granting a stay here.

## Conclusion

The Court grants Liberty Mutual's motion to stay pending the resolution of the appeal in *In re BPS*. An appropriate order follows.

BY THE COURT:

**s/ Gene E.K. Pratter**
**GENE E.K. PRATTER**
**UNITED STATES DISTRICT JUDGE**